UNITED STATES DISTRICT COURT
NORTHERN DISTRICT COURT OF FLORIDA
GAINESVILLE DIVISION

MICHELLE GUTHRIE,

Plaintiff,

v. CASE NO. 1:23-cv-00238-MW/MAF

BOBBY McCALLUM, in his official capacity as SHERIFF OF LEVY COUNTY, FLORIDA, *et. al.,*

Defendants.
__________________________________/

## ANSWER AND AFFIRMATIVE DEFENSES

Pursuant to Rule 8, *Federal Rules of Civil Procedure*, Defendant BOBBY McCALLUM, in his official capacity as SHERIFF OF LEVY COUNTY, FLORIDA (the "Sheriff" or "Defendant"), answers the numbered paragraphs of the Complaint and asserts affirmative defenses as follows:

## INTRODUCTION[1]

1. Admitted that Plaintiff sues Defendant for alleged violations of her constitutional rights; denied that Defendant, or Defendant's employees, violated Plaintiff's rights.

2. Admitted that Plaintiff brings this action against Defendant and

---

[1] The headings herein were provided by Plaintiff and are reproducted by Defendant for organiational purposes only.

others; otherwise, denied.

## JURISDICTION AND VENUE

3. Admitted for jurisdictional purposes only; otherwise, denied.

4. Admitted for venue purposes only; otherwise, denied.

## PARTIES

5. Without knowledge; therefore, denied.

6. Admitted that Defendant McCallum is the duly elected Sheriff of Levey County, Florida; otherwise, denied.

7. Admitted.

8. Admitted.

9. Admitted, with the correction that Lt. Narayan's correct name is Surrenda Narayan.

10. Admitted, with the correction that Sgt. Kink's correct rank is Sergeant.

11. Admitted.

12. Admitted.

13. Admitted

14. Admitted.

## FACTUAL ALLEGATIONS – INCIDENT ONE

15. Without knowledge; therefore denied.

16. Without knowledge; therefore denied.

17. Admitted that Mr. Reeve has a long criminal history; otherwise, denied.

18. Admitted that on July 20, 2022, Lt. Narayan, Cpl. Gregory, Sgt. Kink, and Deputies Miller, Morris, and Smith, respond at various times to 10970 North East 80th Street, a residence, following a 911 call reporting a battery and kidnapping. The caller, Plaintiff's brother Kyle Guthrie, reported that he was bleeding from his head and that his sister had been run over and then thrown in the car and kidnapped by an unidentified male. The caller reported that his sister had been taken to Plaintiff's residence. That call was disconnected shortly thereafter before additional information could be obtained. It was believed that the caller, his sister, or others could be inside the residence, injured, and being held against their will. Otherwise, denied.

19. Believing that one or more victims could be held against their will inside the residence, law enforcement made entry into the home. Upon search, however, the home was discovered to be vacant. Otherwise, denied.

20. Without knowledge; therefore, denied.

21. Admitted that during the search of the home, Levy County Dispatch received a phone call from a male named "John" who advised that he was the homeowner and demanded that law enforcement leave his property. The call,

however, was disconnected before the caller could be placed in contact with deputies on the scene. Otherwise, denied.

22. Denied.

23. Admitted that deputies on the scene heard sounds inside the home that they believed could be footsteps and observed lights being turned on. Otherwise, denied.

24. Admitted that officers made entry into the home located at 10970 North East 80th Street. Otherwise, denied.

25. Admitted.

26. Denied.

27. Admitted that no warrant was obtained, or needed, for a search of the home under the circumstances presented. Otherwise, denied.

28. Denied.

29. Denied.

30. Denied.

## FACTUAL ALLEGATIONS – INCIDENT TWO

31. Admitted.

32. Admitted.

33. Admitted that the driver of the vehicle, John Reeves, was recording aspects of the encounter on his phone and that Plaintiff later obtained the phone

from Mr. Reeves following his arrest and appeared to continue recording events on his phone. Otherwise, denied.

34. Admitted that the driver of the vehicle was lawfully arrested on an outstanding warrant.

35. Denied.

36. Admitted.

37. Admitted that Deputy Williams issued a command to Plaintiff to relinquish Mr Reeves' phone. An audio/video recording of the officers' exchange with Plaintiff is in the possession of the Parties; Defendant denies any allegation which is inconsistent with such evidence.

38. Admitted that Plaintiff refused to comply with lawful commands. Otherwise, denied.

39. Admitted that Plaintiff was detained pending review of the situation to determine whether an arrest would be made. Otherwise, denied.

40. Admitted that upon realizing that her refusal to comply with lawful commands could result in her arrest, Plaintiff eventually complied with the request to surrender Mr. Reeve's phone. Otherwise, denied.

41. Admitted that Mr. Reeves' phone was seized. Otherwise, denied.

42. Admitted that Plaintiff was briefly detained, then released. Otherwise, denied.

43. An audio/video recording of the officers' exchange with Plaintiff is in the possession of the Parties; Defendant denies any allegation which is inconsistent with such evidence.

44. Admitted Plaintiff argued with the deputies about Mr. Reeve's arrest. Otherwise, denied.

45. Denied.

46. Denied.

47. Denied.

48. Admitted that Plaintiff was released at the scene. An audio/video recording of the officers' exchange with Plaintiff is in the possession of the Parties; Defendant denies any allegation which is inconsistent with such evidence.

49. An audio/video recording of the officers' exchange with Plaintiff is in the possession of the Parties; Defendant denies any allegation which is inconsistent with such evidence.

50. An audio/video recording of the officers' exchange with Plaintiff is in the possession of the Parties; Defendant denies any allegation which is inconsistent with such evidence.

## COUNT I
## 42 U.S.C. § 1983 CLAIM
## AGAINST DEFENDANT GREGORY IN HIS INDIVIDUAL CAPACITY

51-54. Count I does not assert a claim against the Sheriff; no response is therefore required or made to these paragraphs.

## COUNT II
## 42 U.S.C. § 1983 CLAIM
## AGAINST DEFENDANT KINIK IN HIS INDIVIDUAL CAPACITY

55-58. Count II does not assert a claim against the Sheriff; no response is therefore required or made to these paragraphs.

## COUNT III
## 42 U.S.C. § 1983 CLAIM
## AGAINST DEFENDANT MILLER IN HIS INDIVIDUAL CAPACITY

59-62. Count III does not assert a claim against the Sheriff; no response is therefore required or made to these paragraphs.

## COUNT IV
## 42 U.S.C. § 1983 CLAIM
## AGAINST DEFENDANT MORRIS IN HIS INDIVIDUAL CAPACITY

63-66. Count IV does not assert a claim against the Sheriff; no response is therefore required or made to these paragraphs.

## COUNT V
## 42 U.S.C. § 1983 CLAIM
## AGAINST DEFENDANT NARAYAN IN HIS INDIVIDUAL CAPACITY

67-70. Count V does not assert a claim against the Sheriff; no response is therefore required or made to these paragraphs.

**COUNT VI**
**42 U.S.C. § 1983 CLAIM**
**AGAINST DEFENDANT SMITH IN HIS INDIVIDUAL CAPACITY**

71-74. Count VI does not assert a claim against the Sheriff; no response is therefore required or made to these paragraphs.

**COUNT VII**
**42 U.S.C. § 1983 CLAIM**
**AGAINST DEFENDANT WILLIAMS IN HIS INDIVIDUAL CAPACITY**

75-78. Count VII does not assert a claim against the Sheriff; no response is therefore required or made to these paragraphs.

**COUNT VIII**
**42 U.S.C. § 1983 CLAIM**
**AGAINST DEFENDANT QUINCEY IN HIS INDIVIDUAL CAPACITY**

79-82. Count VIII does not assert a claim against the Sheriff; no response is therefore required or made to these paragraphs.

**COUNT VIII**
**42 U.S.C. § 1983 CLAIM**
**AGAINST DEFENDANT BOBBY MCCALLUM**
**IN HIS OFFICIAL CAPACITY AS SHERIFF OF LEVY COUNTY, FLORIDA**

83. Defendant Quincey realleges his responses to paragraphs 1-50 and above as if stated fully herein.

84. Denied.

85. Denied.

86. Denied.

87. Denied.

88. Denied.

89. Denied.

90. Without knowledge as to Plaintiff's arrangemet with her counsel; otherwise, denied.

## PRAYER FOR RELIEF

The Sheriff denies that any case or controversy exists so as to entitle Plaintiff to relief—including the specific relief requested in Plaintiff's various prayers for relief.

## GENERAL DENIAL

Any allegation not specifically admitted herein is denied.

## DEMAND FOR JURY TRIAL

The Sheriff demands a jury trial on all issues so triable.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Sheriff has enacted policies and procedures to ensure against the violation of constitutional rights and has diligently enforced those policies and procedures.

## SECOND AFFIRMATIVE DEFENSE

The Sheriff is not liable as a matter of law under 42 U.S.C. § 1983 based upon vicarious liability, joint and several liability, or *respondeat superior* for the acts of any of its employees or agents.

## THIRD AFFIRMATIVE DEFENSE

Any violation of Plaintiff's rights, which is denied, was an isolated instance and not part of any custom, policy, or practice of the Sheriff. No history of widespread abuse or any custom or policy, formal or informal, existed sufficient to put the Sheriff on notice of any potential or actual civil or constitutional violations.

## FOURTH AFFIRMATIVE DEFENSE

The acts or omissions complained of, at most, constitute negligence and are therefore insufficient to establish liability under 42 U.S.C. § 1983 and Eighth or Fourteenth amendments as a matter of law.

## FIFTH AFFIRMATIVE DEFENSE

The actions of the individually named Defendants were in good faith and without malice, and were further based on such facts and circumstances as to lead a reasonable officer to believe their actions were warranted and lawful.

## SIXTH AFFIRMATIVE DEFENSE

Defendants reasonably believed that probable cause existed, and probable cause/arguable probable cause existed, to believe that Plaintiff had committed a criminal act by refusing Defendants' lawful commands, in physically resisting the officers, or in engaging in other unlawful acts.

## SEVENTH AFFIRMATIVE DEFENSE

All actions taken by Defendants were in good faith, were authorized by law, and/or conformed to established, reasonable, and generally accepted law enforcement practices. Defendants did not act with malice or in reckless disregard of Plaintiff's constitutional rights.

## EIGHTH AFFIRMATIVE DEFENSE

To the extent that any agent or employee of the Sheriff acted unlawfully towards Plaintiff, which is expressly denied, such conduct was outside the course and scope of such agency or employment.

## NINTH AFFIRMATIVE DEFENSE

The Sheriff had no knowledge of constitutional violations which required a need for training; he did not deliberately choose not to train, supervise, or discipline his deputies; and/or any failure to train was not the cause of any constitutional violation suffered by Plaintiff.

## TENTH AFFIRMATIVE DEFENSE

In the event that discovery demonstrates that Plaintiff failed to mitigate any of the alleged damages in this action, the recovery of such damages should be reduced accordingly.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's damages should be reduced by any amounts received or available to be received from collateral sources or as otherwise allowed by applicable law.

Respectfully submitted this 20th day of December 2023.

*/s/ Scott J. Seagle*

Scott J. Seagle, (FBN: 57158)
sjseagle@coppinsmonroe.com
jclark@coppinsmonroe.com
kwillis@coppinsmonroe.com

COPPINS MONROE, P.A.
2316 Killearn Center Blvd., Suite 202
Tallahassee, FL 32309
Office: 850-422-2420 | Fax: 850-422-2730

ATTORNEYS FOR DEFENDANT
BOBBY McCALLUM, in his official capacity as SHERIFF OF LEVY COUNTY, FLORIDA

## CERTIFICATE OF SERVICE

Pursuant to Federal Rule of Civil Procedure 5(b)(3) and N.D. Florida Local Rule 5.1, this document is being filed electronically and service shall be through the Court's transmission facilities on all persons appearing before this Court.

*/s/ Scott J. Seagle*
Attorney